**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:18-CR-63 PPS/APR |
| | ) | |
| ASHLEY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Ashley Jones' Motion for Review of the Detention Order [DE 96]. I have reviewed the bond hearing held before Magistrate Judge Andrew P. Rodovich on February 11, 2019, concur with the order of detention revoking Jones' bond, and DENY Jones' request to be released back on bond in this case.

### Background

In this case, Jones is charged by way of a superseding indictment with conspiracy to use a DEA registration number issued to other persons for the purpose of obtaining a Schedule V controlled substance in violation of 21 U.S.C. § 843(a)(1) (Count 1), conspiracy to obtain possession of the same Schedule V controlled substance by misrepresentation, fraud, forgery, deception and subterfuge in violation of 18 U.S.C. § 843(a)(3) (Count 2), and using the DEA registration number of another person to attempt to obtain possession of a Schedule V controlled substance (Count 11). [DE 32.] Jones pleaded not guilty and was released on an unsecured bond on September 24,

2018.  Trial was initially scheduled for January 7, 2019, but was continued to June 3, 2019.  Defense counsel and the Government both agree that Jones is  facing a low guideline range (likely zero to six months incarceration if she were to plead guilty to the pending charges or proceed to trial and be found guilty).

On February 6, 2019, the pre-trial services officer for Jones filed a Petition for Action on Conditions of Pre-trial release [DE 89] setting forth that Jones failed to report for drug testing on five occasions:  October 16, 2018, December 13, 2018, December 27, 2018, January 3, 2019, and January 25, 2019.  Additionally, Jones tested positive for marijuana and cocaine on September 12, 2018, and positive for cocaine on January 28, 2019.

A hearing was held before Magistrate Judge Andrew Rodovich on February 11, 2019, which I have reviewed in detail.  Government counsel provided argument at the hearing and defense counsel called as a witness Rosalyn Anderson (Ashley Jones' mother).  According to the Government, Jones was unwilling/unable to comply with her supervision.  Probation gave Jones multiple opportunities and tried to work with her, but she was combative regarding the drug testing, gave repeated excuses about submitting to testing, and was just unwilling to cooperate with probation.  The request for bond revocation was initiated by probation only after several informal unsuccessful attempts to correct Jones' behavior.  Jones is also on probation in a state case in Illinois, and has a history of noncompliance with probation there as well.

In turn, Rosalyn Anderson testified that Jones was the primary care giver for her

grandmother who suffers from Alzheimer's and her uncle who is disabled and in a wheelchair. According to Anderson, it would pose a hardship on these individuals if Jones was incarcerated. Anderson also testified that Jones' father passed away on December 22, 2018 (and she tested positive for cocaine in January 2019), and Jones suffers from depression, diabetes, hypertension, anxiety, and mood swings. Anderson testified she would help Jones make any probation meetings in the future. Defense counsel also argued that Jones missed one meeting with probation because she had been hospitalized due to food poisoning, that she missed another because she needed medical care after a car accident, and that she has a different attitude now and is willing to comply with the terms of her supervised release.

At the conclusion of the hearing, Judge Rodovich revoked Jones' bond and remanded her to custody pending trial. [DE 94, 95.] He reasoned that Jones chose not to cooperate, that she repeatedly violated the terms of her pretrial release, and he did not believe that Jones would cooperate with probation in the future if she was released.

## Analysis

Title 18 section 3145(b) provides for district court review of a magistrate's detention order. When doing so, I must conduct a de novo review, and need not defer to the magistrate's findings. *United States v. Levine*, 770 F. Supp. 460, 464 (N.D. Ind. 1991).

The revocation of bond is governed by 18 U.S.C. § 3148, which provides that a judicial officer shall enter an order of revocation and detention if, after a hearing, the

judicial officer:

> (1) finds that there is –
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that –
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b).

Because the possession of cocaine is a level six felony pursuant to Indiana Code 35-48-4-6(a), it is undisputed that the first prong of the mandatory revocation in 18 U.S.C. § 3148(b)(1) is satisfied. Furthermore, because Jones committed two felony violations on release, there is a rebuttable presumption that Jones is a flight risk or a

danger to society.

Even aside from the rebuttable presumption, release must be revoked if the defendant has committed a violation of state law or her conditions of release (Jones has done both), and she is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148 (b)(1), (b)(2). These provisions warrant the revocation of Jones' probation. There is clear evidence in the record that Jones has repeatedly chosen not to cooperate with the probation department on a number of occasions and that she has repeatedly violated her terms of pretrial release. Despite being given multiple second chances, she has been combative and unwilling to cooperate with the probation department, and I do not believe that Jones would abide by any conditions of release in the future. Although I have sympathy for her family situation and declining health of her grandmother and uncle, this information is not probative of Jones' willingness to abide by the terms of her probation. While the Government concedes it is not ideal to have Jones detained until her trial in June due to the relatively short time of incarceration she is facing, Jones' repeated refusal to comply with her conditions of release mandates this result.

Finally, although Jones requested a hearing in this review, I note that one is not necessary. Under Section 3145(b), the decision to hold an oral hearing and receive additional evidence rests in the court's discretion. *U.S. v. Shaker*, 665 F. Supp. 698, 704 (N.D. Ind. 1987) (citing *United States v. Dominguez*, 783 F.2d 702, 708 n.8 (7th Cir. 1986) (the court leaving to the "district judge's sound discretion the question of whether, and

if so how, additional evidence should be taken on remand" of a 3145(b) hearing));

*United States v. Bergner*, 800 F. Supp. 659, 660-61 (N.D. Ind. 1992) ("a district court may review a magistrate's detention order without a *de novo* hearing.").  As the Court in *Shaker* noted:

> [A] strong argument could be made that in order to be entitled to an oral hearing and to present new evidence under § 3145(b), a defendant should meet the same standard required under the newly amended § 3142(f).  That section holds that a defendant should be allowed to reopen the original detention hearing (before the original judicial officer) upon presentation of evidence that was not known to the defendant at the time of the original hearing and that has a material bearing on the issue of conditional release.  18 U.S.C. § 3142(f).

*Shaker*, 665 F. Supp. at 704, n.8.  Jones has not argued that she wishes to present new evidence or that there are disputed facts; rather, she rehashes the same arguments that she already made to Judge Rodovich.  In light of my sound discretion and the overwhelming weight of the evidence against Jones, the request for a hearing is denied.

## Conclusion

In sum, I have reviewed the bond hearing held before Magistrate Judge Andrew P. Rodovich on February 11, 2019, concur with the order of detention revoking Jones' bond, and DENY Jones' request to be released back on bond in this case [DE 96].

**SO ORDERED.**

ENTERED: February 27, 2019.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT